IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEVADA GENERAL INSURANCE CO.,

    Plaintiff,

  vs.                                                                             CIV 15-0165 MCA/KBM

ARTHUR ANAYA, KEVIN BACA,
LORENA BERNALES-FLORES,
DENISE HINKLE, NANCY HISSA,
THEODORE HISSA, MICHELLE PROVENCIO
A.K.A. MICHELLE BACA, ASHLEY RAMIREZ,
ABELINO ROMERO, DANIEL ROMERO,
CITY OF ALBUQUERQUE, and DAKOTA MOORE,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** came before the Court for a Telephonic Status Conference set for today, Tuesday, April 19, 2016, at 2:30 p.m. None of the parties or their counsel of record called in for the conference. Although the Court was ultimately able to reach an associate of Plaintiff's counsel of record, the associate had no familiarity with this case. As a result, the Court was unable to hold the status conference as scheduled.

This Court previously continued the Rule 16 Initial Scheduling Conference set for November 3, 2015, when counsel indicated that they anticipated resolving this case without the need for discovery. *See Doc. 28.* Then, in early February 2016, given the apparent lack of any progress in this matter, the Court ordered the parties to submit a status report by February 17, 2016. *See Doc. 29.* In the February 17, 2016 Status Report, Plaintiff's counsel advised that neither Defendant Doug Moore (erroneously named as "Dakota Moore") nor Defendant Michelle Baca had been served. *Doc. 31.*

Plaintiff's counsel explained that she intended to either negotiate a disclaimer with Doug Moore or to personally serve him. *Id.* As to Michelle Baca, Plaintiff's counsel indicated that she was contemplating a motion for service by publication. *Id.* The docket reflects that, to date, Defendant Doug Moore has not entered a Disclaimer of Interest, nor has he been served.  Further, Plaintiff has not filed a motion for service by publication.

While the Court is ordinarily inclined to simply reschedule status conferences when parties fail to appear, here, the parties' failure to appear is coupled with Plaintiff's failure to take steps to move this case forward, suggesting that it may not intend to prosecute this matter.

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States*, 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

**IT IS THEREFORE ORDERED**, that Plaintiff must show cause, in a written document to be filed with the Court no later than **FRIDAY, APRIL 29, 2016,** why this case should not be dismissed for failure to prosecute.  Plaintiff is hereby given notice that failure to respond to this order and/or the failure to appear for court-ordered

hearings, including telephonic conferences, may result in sanctions up to and including dismissal of this action for failure to prosecute.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE