IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEVADA GENERAL INSURANCE COMPANY,

    Plaintiff,

v.                                                        CIV 15-0165 MCA/KBM

MICHELLE PROVENCIO A.K.A. MICHELLE BACA,
and ABELINO ROMERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ALLOWING SERVICE BY PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion to Allow Service by Publication (*Doc. 54*), filed December 1, 2016. Defendant Michelle Provencio, a.k.a. Michelle Baca, for whom Plaintiff seeks permission to serve by publication, has not yet been served with the Complaint in this matter; therefore, no response to the motion is necessary. Having reviewed the motion and the relevant authorities, the Court finds that the motion is well-taken and will be granted.

In its motion, Plaintiff details various efforts that it has made to locate and personally serve Defendant Michelle Provencio. *Doc. 54*. It asserts that Defendant Michelle Provencio has intentionally concealed herself, and requests permission to serve her by publication. *Id.*

There is no express provision for service by publication under the Federal Rules of Civil Procedure. Yet Federal Rule of Civil Procedure 4(e)(1) allows for

service to be effected on a defendant in a judicial district of the United States by following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, Plaintiffs must satisfy the service provisions set forth by New Mexico law in order to serve Defendant Michelle Provencio by publication.

New Mexico Rule of Civil Procedure 1-004(J) and (K) provide for service by publication. According to case law, however, this method of service is generally limited to *in rem* or *quasi in rem* actions. *See Pope v. Lydick Roofing Co. of Albuquerque*, 472 P.2d 375, 377 (1970). Here, Plaintiff has filed a Complaint for Declaratory Judgment, asserting that it has named as defendants all persons or entities that may be affected by the requested declaration. *Doc. 1* at 1.

This action arises from an August 25, 2014 accident involving a 2000 Chevrolet Malibu, which was owned and insured by Defendant Abelino Romeo. *Id.* at 3. The Malibu, which Defendant Daniel Romero was driving at the time of the accident, struck multiple cars following a high speed chase by law enforcement. *Id.* at 4. Plaintiff asserts, upon information and belief, that Defendant Michelle Provencio was a passenger in the Malibu and that she was, at the time of the collision, the victim of an ongoing kidnapping by Defendant Daniel Romero. *Id.* at 3-4. Plaintiff seeks a declaration that as to the incident, there is no coverage under the policy insuring the Malibu. *Id.* at 9-10.

In the Court's view, this is not a straightforward *in personam* action, as would be an action for monetary damages.  An argument could at least be made that the Court's jurisdiction should be considered *quasi in rem* – that is, jurisdiction over a person based on that person's interest in property located within the Court's territory. *See SR Int'l. Bus. Ins. Co. LTD v. World Trade Center Props., LLC*, 445 F. Supp. 2d 356 (S.D.N.Y. Aug. 11, 2006) (noting one party's argument that the court had jurisdiction over a *res*, *i.e.* the insurance proceeds available to the insureds); *Nat'l Specialty Ins. Co. v. Advanced Cargo Transp., Inc.*, No. 14cv1417, 2014 WL 6473975 (M.D. Penn. Nov. 19, 2014) (considering, upon a motion for service by publication, whether an action seeking a declaratory judgment as to an insurer's coverage obligations could be considered a *quasi-in-rem* action); *Cameron v. Penn Mut. Life Ins. Co.*, 161 A. 55 (N.J. Ch. June 14, 1932) (concluding that an action to reform a life insurance policy was *quasi-in-rem* because the policy, or the Res, was "in the possession of the complaint and within the control of the court"); *Perry v. Young*, 182 S.W. 577 (Tenn. 1916) (classifying an action for reformation of a life insurance policy as a *quasi-in-rem* action and permitting service on a non-resident defendant by publication).

According to the Supreme Court, the test for deciding whether an action is *quasi in rem* is whether the judgment sought will affect the interests of particular persons in designated property. *Hanson v. Denckla*, 357 U.S. 235, 246 (1957). The test, however, "does not turn upon whether the relief prayed for seeks to control defendants' conduct, although in a Quasi in rem action a defendant may be preliminarily restrained from engaging in certain activities with respect to the

Res." *Insurance Co. of North America v. Allied Crude Vegetable Oil Refining Corp.*, 215 A.2d 579, 584 (N.J. Super. Ct. Ch. Div. 1965).

Some courts have reasoned that actions for rescission of an insurance policy, declaratory judgment as to coverage for an insurance policy, or interpleader of proceeds under an insurance policy, are not *quasi-in-rem* actions, even though they "do not seek a money judgment from the defendant or an order for him to do or refrain from doing any act." *See, e.g., Allied Crude Vegetable Oil Refining Corp.*, 215 A.2d at 584-85 (collecting cases). In *Allied Crude Vegetable Oil Refining Corp.*, for example, the court determined that an action for rescission of an insurance policy was an *in personam* action rather than a *quasi-in-rem* action, reasoning that a court "does not acquire jurisdiction over an intangible [e.g., an insurance policy] by the presence within the state of a writing evidencing it." *Id.* at 585. The court explained that "[j]urisdiction over an intangible can arise only from power over the persons whose relationships are the source of the rights and obligations." *Id.* at 530 (citing *Estin v. Estin*, 334 U.S. 541, 548 (1948)).

Additionally, in *National Specialty Ins. Co.*, the court concluded that an insurance company's declaratory judgment action to determine coverage obligations under a liability policy was *in personam* rather than *quasi in rem*, because it did not seek to resolve a dispute as to the title to the policy or its proceeds but instead a declaration that the insurer had satisfied its contractual obligations to defend and indemnify its insureds. 2014 WL 6473975 at *4; *see also SR Int'l Bus. Ins. Co. Ltd. v. World Trade Center Props.*, LLC, 445 F. Supp. 2d 356 (S.D.N.Y. 2006) (rejecting an argument that insurance proceeds available

to the insureds in coverage litigation constituted a *res* over which the court had jurisdiction and noting that it only considered insurance proceeds to be a *res* when they were deposited with the court; otherwise, suits involving insurance coverage and insurance proceeds are simply *in personam* actions).

In contrast, other courts have held that when a plaintiff seeking resolution of an insurance dispute files an insurance policy along with a complaint, the court gains "control of the res" and has the ability to settle the status and rights of the parties with respect to that policy through *quasi-in-rem* jurisdiction.  *See, e.g., Perry*, 182 S.W. at 578; *Cameron,* 161 A. at 56-57.

Ultimately, the Court acknowledges that the law in this jurisdiction is unsettled but declines to resolve the issue of whether the instant declaratory judgment action qualifies as a *quasi-in-rem* action.  The Court is satisfied that an applicable exception within New Mexico law permits Plaintiff to serve Defendant Michelle Provencio by publication, even assuming this is an *in personam* action.

Rule 1-004(J) NMRA, New Mexico Rules of Civil Procedure for District Courts, provides

> [u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, *including publication*, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

NMRA 1-004(J) (emphasis added).  While service by publication is generally limited to *in rem* or *quasi in rem* actions, *see Pope*, 472 P.2d at 377, the New Mexico courts make an exception for an *in personam* case in which "the

5

defendant, being aware that civil action may be instituted against [her], attempts to conceal [herself] to avoid service of process." *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979). This exception is premised upon the fact that, in concealing, herself a party renders personal service or process impossible. *Id.* According to the New Mexico Supreme Court, a party's act of purposefully concealing their whereabouts "constitutes a waiver of notice of the proceedings sought to be avoided." *Id.* In order to permit service by publication on the basis of evasion, the Court must make a finding of fact that the defendant intentionally concealed herself. *See Edmonds v. Martinez*, 215 P.3d 62 (N.M. Ct. App. 2009).

In an affidavit provided by Tamra Romo, a paralegal working for the Law Offices of Bruce S. McDonald, Ms. Romo indicates that she attempted to determine Defendant Michelle Provencio's whereabouts through various means, including through addresses provided in the August 25, 2014 police reports, attempting personal service at these two addresses, an IPRA request for documents from the Albuquerque Police Department, a Facebook search, and an Accurint search.  *Doc. 54.*

Examination of the police reports attached to Plaintiff's motion reveals that the sole passenger in the vehicle driven by Defendant Daniel Romero at the time of the August 25, 2014 accident provided the name "Michelle Provencio" and the address of "6180 Sequoia Rd. NW, Albuquerque, NM 87120" during the *accident* investigation. *Doc. 54-3* at 5. In contrast, that same person on the same day while in the hospital gave the name "Michelle Baca" and the address of "123 La Ladera, Los Lunas, NM 87031" during the *kidnapping* investigation. *Doc. 54-4* at

6

1. A comparison of the police reports for these two incidents reveals that there was only one passenger in the vehicle driven by Defendant Daniel Romero at the time of the kidnapping and the auto accident. *Compare Doc. 54-3 with 54-4*.

Plaintiff has attempted to serve Defendant Michelle Provencio at both addresses identified in the police reports. *Doc. 54-2* at 2. While there was a "Michele Provencio" present and personally served at 6180 Sequoia Rd., she was not Defendant Michelle Provencio, the victim of the August 25, 2014 kidnapping. *Doc. 54-2* at 2; *Doc. 54-5* at 1. Moreover, the gentleman who lived at the 123 La Ladera address explained to the process server that he had lived there for ten (10) years and that Defendant Michelle Provencio, or Michelle Baca, had never lived there during that time. *Doc. 54-2* at ¶ 14.

Just as Defendant Michelle Provencio provided different names and addresses to investigators of the August 25, 2014 accident and kidnapping, she also provided different birthdates. During the kidnapping investigation, "Michelle Baca," as she referred to herself in that context, told law enforcement that her birthdate was January 17, 1988. *Doc. 54-4* at 14. According to police reports, however, a "search of her purse later revealed a drivers [sic] license belonging to her identifying her as Michelle Baca 01/15/1980." *Id*.

Plaintiff has also turned to social media in an effort to locate the defendant. According to Ms. Romo, Defendant Michelle Provencio's Facebook Page, which contains photographs that are "similar to the photographs of the victim that were provided in [response to Plaintiff's] IPRA Request," does not provide a current home or work address, though it does indicate that she lives in

7

the Albuquerque area. *Doc. 54-2* at ¶ 25. Ms. Romo states that Defendant Michelle Provencio's Facebook Page provides yet a different birthdate: February 27, 1976. *Doc. 54-2* at 3. Finally, a photocopy of the drivers' license of "Michele Provencio," the actual resident of 6180 Sequoia Rd. who turned out not to be Defendant Michelle Provencio, shows that "Michele Provencio's" birthdate is November 20, 1967. *Doc. 54-5* at 1.

Given that she provided different names, birthdates, and addresses during the course of the accident and kidnapping investigations, the Court finds that Defendant Michelle Provencio deliberately concealed her identity and whereabouts at the time of the underlying incident. Most significantly, she did not actually reside at either address that she provided to law enforcement. Whether Defendant Michelle Provencio was motivated by a failure to avoid service of process in anticipated litigation or by some other reason, her intentional actions rendered personal service of process impossible for Plaintiff, even after making due inquiry. Under these circumstances, the Court is satisfied that this case is one that is properly excepted from the general rule that service by publication is unavailable for *in personam* actions. *See Clark*, 593 P.2d at 1076.

In addition to demonstrating that Defendant Michelle Provencio has deliberately concealed herself, Plaintiff has also complied with the other requirements of New Mexico Rule of Civil Procedure for District Courts 1-004(J) and (K). It has provided the requisite proposed notice to be published in a newspaper of general publication within Bernalillo County as well as an affidavit

8

establishing that personal service cannot reasonably be made. *See Docs. 54-2* and *54-9*.

As such, service by publication shall be made, using the notice proposed by Plaintiff, in a newspaper of general circulation in Bernalillo County once each week for three consecutive weeks.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Allow Service by Publication (*Doc. 54*) is granted.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE