IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEVADA GENERAL INSURANCE CO.,

    Plaintiff,

v.                                  No. 15-cv-165 MCA/KBM

ARTHUR ANAYA, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Nevada General Insurance Company's *Motion to Dismiss the Defendant Michelle Provencio a/k/a Michelle Baca*[1] [Doc. 63]. None of the defendants responded to Plaintiff's *Motion*. The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court **GRANTS** Plaintiff's *Motion*.

**I. Background**

Plaintiff alleges the following facts in its *First Amended Complaint*. [Doc. 7]

20. Upon information and belief, on or about, August 25, 2014, Defendant Daniel Romero beat his girlfriend, Defendant Michelle Provencio, and then he kidnapped her using a 2000 Chevrolet Malibu.

21. The 2000 Chevrolet Malibu was owned by Defendant Abelino Romero and insured through Plaintiff Nevada General, policy number 0295010 (hereafter "The Policy"). Certified copy of that policy booklet attached hereto as "Exhibit. A".

---

[1] For purposes of this *Memorandum Opinion and Order*, the Court will refer to Defendant Provencio/Baca as "Defendant Provencio."

22. Upon information and belief, Defendant Daniel Romero was using the 2000 Chevrolet Malibu without the permission of Defendant Abelino Romero.

23. Upon information and belief, Defendant Michelle Provencio was able to send a text message to a family member regarding her situation, and that family member was then able to contact the Defendant Albuquerque Police Department (APD) with a description of the 2000 Chevrolet Malibu.

24. Upon information and belief, Defendant Daniel Romero was driving the 2000 Chevrolet Malibu at a high rate of speed while evading APD officers.

25. Defendant Daniel Romero was driving westbound on Avenida de Ceaser Chavez when a spike belt was placed in Defendant Daniel Romero's path by an APD officer.

26. Defendant Daniel Romero swerved around the spike belt, and lost control of the 2000 Chevrolet Malibu crossing into the eastbound lanes of Avenida de Ceaser Chavez.

27. Defendant Daniel Romero struck multiple cars in the eastbound lanes of Avenida de Ceaser Chavez, ultimately causing a five-car collision (hereafter "The Incident").

[Doc. 7]

The circumstances leading to the present *Motion* are set out in this Court's order entered on August 7, 2017 [Doc. 60]. In sum, the Court found that it did "not have sufficient evidence from which to determine that there is complete diversity between Plaintiff and Defendants, as is required for subject matter jurisdiction over this matter" because it was unclear from Plaintiff's filings whether Defendant Provencio was a citizen of New Mexico. [Doc. 60] The Court therefore ordered Plaintiff to "show cause in writing . . . why this matter should not be dismissed for lack of subject matter jurisdiction." [Doc. 60] In response, Plaintiff filed the present *Motion*, stating that

"Plaintiff is unable to satisfy [the Court's request to demonstrate that Defendant Provencio is a citizen of New Mexico] and thus moves for her dismissal."[2] [Doc. 63]

## II. Discussion

Federal Rule of Civil Procedure 19 governs joinder of parties in these circumstances:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> . . .
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

---

[2] Meanwhile, on December 1, 2016, Plaintiff moved the Court to permit service by publication pursuant to Fed. R. Civ. P. 4(e)(1) and Rule 1-0040) NMRA as to Defendant Michelle Provencio. [Doc. 54] The Court granted permission for service by publication on December 19, 2016. [Doc. 56] An affidavit of publication was filed on March 16, 2017, showing that publication ran through March 3, 2017. [Doc. 59]

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

Plaintiff acknowledges that, as a passenger in the insured vehicle, Defendant Provencio has an interest in this declaratory judgment action for determination of coverage. [Doc. 63] However, Plaintiff argues, Defendant Provencio's absence would not prevent complete relief for the remaining parties under Rule 19(a)(1)(A). Moreover, Plaintiff asserts that, although Defendant Provencio has an interest, resolution of the matter would not impair her interest or expose Plaintiff to multiple obligations. [Doc. 63]

Generally, "all interested parties should be joined in a declaratory judgment action whenever possible." *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975). However, joinder in declaratory judgment actions is governed by Rule 19. *Id*. at 294. In addition, declaratory judgment is not binding against those not joined as parties. *Id*. at 295. Hence, the Court must determine 1) whether Defendant Provencio is required to be joined if feasible under Rule 19(a) and, if so, whether the action may fairly proceed in her absence under Rule 19(b).

The Court finds the following:

1). Defendant Provencio, as an alleged passenger in the insured vehicle, is an interested party to this declaratory judgment action for determination of coverage;

2). Dismissal of Defendant Provencio will not impair the ability of the remaining defendants to protect their rights;

3). Because a judgment in this matter would not be binding on her, dismissal of Defendant Provencio will not impair her ability to seek coverage in a separate suit. *Id.* (stating that "[a]s a practical matter, a determination would not impair or impede [the non-party's] ability to protect his interest" and that he "could relitigate this matter, and we believe any interest he has could be protected then");

4). The risk that dismissal of Defendant Provencio will expose Plaintiff to multiple obligations is low because 1) the present suit seeks only a determination of coverage under the policy covering the 2000 Chevrolet Malibu, and 2) although Defendant Provencio might institute a separate suit for coverage, the outcome of that suit will be a determination of coverage only as to Defendant Provencio. *See id.* (noting that, in assessing the risk of multiple obligations, the courts "are required to look to practical possibilities more than theoretical possibilities in considering possible prejudice to parties" (internal quotation marks and citation omitted)). Moreover, Defendant Provencio has shown no interest in the present lawsuit in spite of Plaintiff's efforts to locate and serve her, including through service by publication. *See id.* (stating that the risk of multiple obligation was low because, inter alia, the non-party there "had shown no interest or concern with the litigation"); *RFF Family P'ship, LP v. Link Dev., LLC*, 849 F. Supp. 2d 131, 137 (D. Mass. 2012) ("A court should nevertheless hesitate to require a

party to remain in a declaratory judgment action if that party is only tangentially involved with the controversy at issue and does not wish to be caught up in the litigation."). [*See* Doc. 56, pg. 6-9]

5). Dismissal of Defendant Provencio will preserve diversity jurisdiction in this Court. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) ("[I]t is well-settled that [Fed. R. Civ. P.] 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction], even after judgment has been rendered." (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832 (1989)).

Based on the foregoing findings, the Court further finds that Defendant Provencio is not a party required to be joined if feasible under Rule 19(a). Therefore, there is no need to address Rule 19(b).

Consequently, Plaintiff's *Motion* will be granted.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** *Plaintiff's Motion to Dismiss the Defendant Michelle Provencio a/k/a Michelle Baca* [Doc. 63].

**SO ORDERED this 30th day of November, 2017.**

_____
**M. CHRISTINA ARMIJO**
**Chief United States District Judge**