IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEVADA GENERAL INSURANCE CO.,**

    **Plaintiff,**

v.                                                                                     No. 15-cv-165 MCA/KBM

**ARTHUR ANAYA,** *et al.***,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Nevada General's *Motion for Default Judgment Against the Defendant Abelino Romero and Motion to Dismiss* [Doc. 70] and Nevada General's *Amended Notice that it will not Seek Another Motion for Default Judgment Against Defendants Arthur Anaya, Kevin Baca, Denise Hinkle, Nancy Hissa, Theodore Hissa, Ashley Ramirez, and Daniel Romero* [Doc. 77].

Having considered Nevada General's *Motion* and *Notice* and the relevant law, and otherwise being fully advised in the premises, the Court GRANTS the *Motion* and orders default judgment against Defendants Arthur Anaya, Kevin Baca, Denise Hinkle, Nancy Hissa, Theodore Hissa, Ashley Ramirez, Daniel Romero, and Abelino Romero.

**I.    BACKGROUND**

Plaintiff Nevada General Insurance Company ("Nevada General") is a foreign insurance company with citizenship in the State of Nevada licensed to do business in the State of New Mexico. [Doc. 7; Doc. 57] Defendants Arthur Anaya, Kevin Baca, Denise Hinkle, Nancy Hissa, Theodore Hissa, Ashley Ramirez, Daniel Romero (the Group

Defendants) and Abelino Romero (Romero)[1] are citizens of the State of New Mexico. [Doc. 57]

Nevada General brought a declaratory judgment action pursuant to 28 U.S.C. Section 2201 for the purpose of determining whether it has a duty to defend or indemnify Romero for damages arising out of the "Incident," a five-car collision involving Romero's 2000 Chevrolet Malibu. At issue is Nevada General policy number 0295010, which Nevada General issued to Romero for and in consideration of the payment of an insurance premium, which provided coverage on the 2000 Chevrolet Malibu that Abelino Romero's brother, Daniel Romero, was driving at the time of the Incident.

Specifically, Nevada General requests the following declarations:

that The Policy is rescinded as a result of Defendant Abelino Romero's material misrepresentations, and therefore coverage is not available under The Policy for The Incident[;]

that Defendant Abelino Romero has breached The Policy terms due to his failure to cooperate, and therefore coverage is not available under The Policy for The Incident[;]

that The Incident is not an accident as defined by the Policy and therefore Liability Coverage is not available under The Policy for The Incident[;]

that Defendant Daniel Romero is not an insured person as defined by the Policy and therefore Liability Coverage is not available under The Policy for The Incident[;]

that Defendant Daniel Romero's conduct at the time of the Incident was intentional or expected to result in damage, and therefore coverage is excluded under The Policy for The Incident[;]

---

[1] Nevada General's *First Amended Complaint* named twelve defendants. [Doc. 7] Defendants City of Albuquerque, Douglas Moore, and Lorena Bernales-Moore disclaimed their interest and were dismissed by the Court. [Doc. 52] Michelle Provencio aka Michelle Baca was dismissed by the Court as well. [Doc. 64]

> that Defendant Daniel Romero was committing a crime at the time of the Incident, and therefore coverage is excluded under The Policy for The Incident[;]
>
> that coverage for punitive or exemplary damage is excluded under The Policy for The Incident[;]
>
> that coverage for uninsured motorist coverage for occupants of the 2000 Chevrolet Malibu is specifically excluded under The Policy for The Incident[;]
>
> that Defendant Daniel Romero is not an insured person pursuant to New Mexico law and therefore Coverage is not available under The Policy for The Incident[;]
>
> In the Alternative, . . . that should any Defendant in this matter be eligible to present a claim for uninsured/undersinsured motorist coverage said claim would be precluded or offset in the event the liability policy limits have been exhausted.

[Doc. 7, ¶¶ 75-84]

The *First Amended Complaint* was filed on March 10, 2015. [Doc. 7] Defendants Kevin Baca, Denise Hinkle, Nancy Hissa, and Theodore Hissa, were served on March 17, 2015. [Doc. 13-16] Defendant Daniel Romero was served on March 25, 2015, and Ashley Ramirez and Arthur Anaya were served on June 15, 2015. [Doc. 18, 22-23] When they failed to answer the *First Amended Complaint*, the Clerk entered default against the Group Defendants. [Doc. 46] *See* Fed. R. Civ. P. 55(a) (pertaining to entry of default by the Clerk).

The return of service indicates that Nevada General served Romero certified mail, return receipt on March 16, 2015. [Doc. 11] Romero, acting pro se, responded to the *First Amended Complaint* on March 31, 2015. [Doc. 17] In a handwritten document titled "Answer," Romero stated that he "woke up from taking a nap, later on learning that

my younger brother Daniel Romero and his girlfriend Michelle Baca took [his] car without permission." [Doc. 17] Romero went on,

> I received a call from my other brother stating that he seen a car just like mine in a automobile accident at the intersection of Avenida Ce[]sar Chavez and I25 on the exit. At that time my older brother took me to that location where we learned that it was in fact my vehicle that was in a accident. Bruce S. McDonald Law Firm contacted me by mail and they called me, telling me that I needed to go in and make a statement for them. I explained to the woman from the law firm that I have [p]sychological issues that prevent me from going into places that a[ ]lot of people are around and she said she would try and set up a phone conference with me. The law firm contacted me again and I flipped out because of my PTSD and panic disorders and hung up on her. I received this letter and now I'm answering it.

[Doc. 17] The document was filed in the docket as an answer. [Doc. 17]

On October 27, 2015, Nevada General filed a Joint Status Report and Provisional Discovery Plan [Doc. 27] in which it stated that "Abelino Romero is appearing in this action pro se; Plaintiff's counsel attempted to reach him at the last known telephone number and was informed by the person answering that it is not a number for Abelino Romero." [Doc. 27] On February 17, 2016, Nevada General filed another status report in which it again reported that Abelino Romero could not be contacted at the last known number. [Doc. 31] In August, 2016, the Clerk's office entered defaults as the Group Defendants. [Doc. 46] A copy of the entry of default was mailed to Abelino Romero and returned as undeliverable. [Doc. 53] On September 20, 2016, this Court ordered Nevada General to demonstrate facts supporting its contention that the parties are completely diverse as necessary for this Court to exercise its jurisdiction under 28 U.S.C. § 1332. [Doc. 47] A copy of this *Order* was mailed to Abelino Romero by the Court and returned

as undeliverable. [Doc. 48] An order entered by this Court on January 24, 2017 was also mailed to Romero and returned as undeliverable. [Doc. 57; Doc. 58] Subsequent orders entered in August and November, 2017, were mailed to Romero by the Court and returned as undeliverable. [Doc. 61; Doc. 65; Doc. 69] Notices of hearings in April, 2018 were also sent to Romero and returned. [Doc. 72; Doc. 73] Finally, Romero did not attend a status conference held on April 18, 2018. [Doc. 68]

In sum, Romero has not responded to any filings or hearings in this matter since filing an *Answer* in March, 2015. Neither has he updated his address pursuant to Local Rule D.N.M. Civ. 83.6, which states that "[a]ll attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses."

## II. DISCUSSION

### A. Procedural Posture

Before the Court are two filings by Nevada General that raise procedural questions and demonstrate some confusion as to the interplay between Rule 55(a) and 55(b). Rule 55(a) and 55(b) clearly set "out a two-step process for a default judgment" in which the first step is the entry of default based on a failure to appear or "otherwise defend." *Branch v. Attorney for You*, No. 1:15-CV-01087-RAJ, 2016 WL 7438410, at *2 (D.N.M. June 7, 2016) (citing *Watkins v. Donnelly*, 551 Fed.Appx. 953, 958 (10th Cir. 2014) (unpublished) for the proposition that "[e]ntry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default

judgment.")). Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(1) provides that the Court Clerk may enter a default judgment on request by a plaintiff "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Because the Court Clerk may enter a default judgment only in these circumstances, the Court Clerk is not authorized under Rule 55(b) to enter a default judgment in a declaratory judgment action. *See W. World Ins. Co. v. Czech*, 275 F.R.D. 59, 62 (D. Mass. 2011) ("Because Western World seeks a declaratory judgment that it owes no duty to defend or indemnify Williams, plaintiff's claim is not for a 'sum certain' within the meaning of Fed.R.Civ.P. 55(b)(1) and thus the Clerk was not authorized to enter the Default Judgment."). Hence, in a declaratory judgment action, "the party must apply to the court for a default judgment." Rule 55(b)(2).

**1. Nevada General's Motion for Default Judgment against Defendant Abelino Romero**

The first of the two filings at issue is Nevada General's *Motion for Default Judgment against Defendant Abelino Romero* under Rule 55 and Fed. R. Civ. P. 41.[2] [Doc. 70] Nevada General has not requested, and the Court Clerk has not entered, a default against Romero under Rule 55(a). Although some district courts have denied a motion for default judgment when the movant has failed to request and obtain an entry of

---

[2] Given the Court's disposition of this matter under Rule 55, the Court need not address the application of Rule 41.

default by the court clerk, other courts within the Tenth Circuit have ordered the Clerk to enter a default in conjunction with consideration of a motion for default judgment. *Compare Double D Wildlife Ranch, LLC v. Butler Co., LLC*, No. 15 CV 00014 JAP/KBM, 2015 WL 13050024, at *2 (D.N.M. June 23, 2015) (denying a motion for default judgment "without prejudice to enable [the p]laintiff to seek an entry of default from the Clerk, and [allowing the plaintiff to] re-file the motion for default judgment") *with Bornhofen v. Biernacki*, No. 07-CV-02463-CMA-MJW, 2009 WL 5126570, at *1 (D. Colo. Dec. 18, 2009) (accepting the magistrate judge's recommendation to order the Clerk to enter default, but rejecting the recommendation to grant default judgment). Other courts and authorities have recognized that district courts have an inherent authority to enter a default. *See, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (stating that "[a]lthough Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default"); 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.) (stating that "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."). This Court will therefore construe the present *Motion* as a request for entry of default against Romero as well as for default judgment.

2. **Nevada General's Amended Notice that it will not Seek Another Motion for Default Judgment Against Defendants Arthur Anaya, Kevin Baca, Denise Hinkle, Nancy Hissa, Theodore Hissa, Ashley Ramirez, and Daniel Romero**

In response to a query from the Court [Doc. 74], Nevada General filed a *Notice* in which it stated that "[o]n or about April 29, 2016, [Nevada General] filed a Motion for

Default Judgment against [the Group Defendants]." [Doc. 77] Nevada General went on, "In accordance with Rule 55(a), the U.S. District Court Clerk . . . entered said default judgment against these [d]efendants." [Doc. 77] Nevada General concluded by stating that "a Motion for Default against the last remaining Defendant, Abelino Romero[,] and a Motion to Dismiss is pending before this Court [Doc. 70]. If the Court finds those motions well taken and grants the relief requested therein, this matter should then be effectively dismissed and the matter closed." [Doc. 77]

Nevada General's statements in its *Notice* are incorrect on several fronts. First, Nevada General confuses an entry of default under Rule 55(a) with default judgment under Rule 55(b). As discussed above, Rule 55(a) and (b) define two separate steps. Indeed, when Nevada General moved for default, it titled its motion "Request for Default Pursuant to F.R.C.P. 55(a)" and made no reference to default judgment pursuant to Rule 55(b). [Doc. 40][3] Nevada General appears to believe that default judgment has already been entered against the Group Defendants, however, the Clerk's Entry of Default references only Rule 55(a) [Doc. 46], default judgment has not been entered against the Group Defendants, and none of those defendants have been terminated. The Court's inquiry into whether Nevada General intended to file for default judgment should have alerted Nevada General that such judgment had not been entered.

---

[3] While it is true that the *Request for Entry of Default Pursuant to F.R.C.P. 55(a)* was entered in the CM/ECF system with the title "Motion for Default Judgment," such a system-generated title does not govern when it conflicts with the request for relief in the motion itself. [Doc. 40]

Nevertheless, the Court will construe Plaintiff's *Notice* as a motion for default judgment as to the Group Defendants. Plaintiff's reference to Defendant Romero as the "last remaining defendant" and its belief that default judgment has already been entered against the Group Defendants indicate that it seeks that outcome. Similarly, in other motions and notices to the Court, Nevada General has indicated that it would seek default judgment against the Group Defendants. [*See, e.g.*, Doc. 76, pg. 2 (stating that Nevada General would file a motion for default judgment against the Group Defendants)] In addition, the legal analysis as to the propriety of declaratory judgment is identical to that for Plaintiff's *Motion for Default Judgment Against Defendant Abelino Romero*. Finally, the Group Defendants are not entitled to notice of the motion for default judgment because they failed to appear or answer. Fed. R. Civ. P. 55(b)(2).

**B. Entry of Default Against Romero**

Consistent with the two-step process defined by Rule 55, the first issue is whether default should be entered against Romero under the circumstances here. The typical default case is one in which the defendant has failed to answer. *City of New York*, 645 F.3d at 131. However, Rule 55(a) states that default also may be entered when a party fails to "otherwise defend" against the complaint. The meaning of the phrase "otherwise defend" is not defined in the Rule, and the Circuit courts differ on the scope of the phrase. *See Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. CV-09-S-773-NW, 2013 WL 3357167, at *5 (N.D. Ala. July 1, 2013) (stating that "[t]he Courts of Appeals disagree over what, precisely, it means to fail to 'otherwise defend'"). "Most hold that an entry of default is proper *whenever* the defendant fails to engage in litigation, *regardless* of the

stage at which such failure occurs." *Id*. at *6; *see City of New York*, 645 F.3d at 128 (discussing the majority and minority positions).

Examination of the relevant authorities reveals, however, that the relevant question is whether a defendant has indicated an intent to defend against the complaint. In *Bass v. Hoagland*, a Fifth Circuit case cited by some authorities for the proposition that a default should not enter when a defendant has filed an answer, *see, e.g., City of New York*, 645 F.3d at 131, the Court stated that "[t]he words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits" and that "[w]hen Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him." *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949); *see* Wright & Miller, *supra*, at § 2682 (discussing *Bass*). Key to the Court's ruling, however, was the fact that the defendant had denied the plaintiff's allegations and filed a demand for a jury trial, indicating an intent to force the plaintiff to prove his case.[4] *Bass*, 172 F.2d at 210; *see* Wright & Miller, *supra* (stating that "[a] defendant who has participated throughout the pretrial process and has filed a responsive pleading, *placing the case at issue*, has not conceded liability" and that "[t]he mere appearance by a defending party, without more,

---

[4] Moreover, later cases applying *Bass* have held that its holding was based on a lack of due process in granting default judgment, not merely on the fact that the defendant had answered. *See In re Allegro Law LLC*, 545 B.R. 675, 709 (Bankr. M.D. Ala. 2016) (stating that *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. Unit B 1982), "makes clear that default judgment was improper in *Bass* because the defendant had not received actual notice of the trial date, not because the defendant's earlier answer denying the claims excused his failure to appear at trial.").

will not prevent the entry of a default for failure to plead or otherwise defend" unless the "defendant appears *and indicates a desire to contest the action*" (emphasis added)).

The Court concludes that, although Romero filed an *Answer* in response to the *First Amended Complaint*, the *Answer* did not evince an intent to defend against the allegations in the *First Amended Complaint*. The *Answer* did not deny any of the allegations, or assert any defenses. Indeed, Romero admitted one of the key facts asserted by Nevada General—that the driver of the insured car took the car without his permission. [Doc. 17] "Although pro se litigants' filings are held to less stringent standards than formal pleadings drafted by lawyers, they are still subject to the federal rules of civil and appellate procedure." *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001) (internal quotation marks and citation omitted). Rule 8 requires that "[i]n responding to a pleading, a party must (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Moreover, "[a]n allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied." Under this Rule, the allegations in Nevada General's *First Amended Complaint* are deemed admitted by Romero. Such an effect is inconsistent with an intent to defend against the complaint. *Cf. In re Baker*, No. 84-05146, 1984 WL 558303, at *1 (Bankr. D.N.D. Dec. 3, 1984) (denying a motion for default judgment where "[t]he [d]efendant, although not filing an answer, did file with the Court a copy of a letter addressed to the [p]laintiff setting out in detail his response to the [p]laintiff's allegations" and that the pro se defendant's letter "[wa]s rather complete in its denial of the [p]laintiff's cause of

action and evidences to the Court his intent to defend the Complaint"); *Smith v. Gadd*, 280 S.W.2d 495, 498 (Ky. 1955) (discussing the requirements for an "appearance" under Kentucky's default judgment rule—substantively equivalent to Rule 55(b)(2)—and stating that the "question is . . . whether or not he has so participated in the action as to indicate an intention to defend" and that "[t]here must be some act which would signify that the defendant is contesting liability rather than admitting it, and therefore would be likely to contest the motion for judgment if given notice").[5]

Moreover, since filing the *Answer*, Romero had failed to maintain a current address with the Court, as required by Local Rule 83.6. As a consequence, all mail to Romero from the Court has been returned as undeliverable, and Romero has failed to respond to orders by the Court or to attend hearings. Failure to maintain communication with Nevada General and the Court is further indication that Romero has no intent to defend against the *First Amended Complaint*. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (affirming default judgment under Rule 55 where, although they filed a responsive pleading, the defendants subsequently failed to notify the Court or their attorney of changes in address, failed to appear for hearings, and did not respond to notices from the Court). The Court therefore finds that Romero has failed to "otherwise

---

[5] The Court notes that Nevada General states that it mailed a copy of the present *Motion* to Romero at his last known address via United States Mail pursuant to Rule 55(b)(2), which provides that notice of such a motion must be served on any party that has "appeared." [Doc. 70] Pursuant to the Court's order, Nevada General filed a *Notice of Attempted Service of Motion for Default and Motion to Dismiss upon Defendant Abelino Romero*, and provided a copy of the envelope addressed to Romero's address on record, which was marked "Return to Sender/Unable to Forward." [Doc. 76]

defend" against the *First Amended Complaint* and will order the Clerk to enter default against him.

**C. Default Judgment**

The Court now turns to the question of whether Nevada General is entitled to a default judgment as to Romero and the Group Defendants. Upon a motion for default judgment, a district court accepts as true all well-pled allegations in a complaint, except those related to proving damages. *See U.S. v. Craighead*, No. 05-6227, 2006 WL 936684, *2 (10th Cir. Apr. 12, 2006) (unpublished). Our Tenth Circuit has held that, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," and that the court must "'exercise[] its responsibility to determine that it has the power to enter the default judgment." *Metro. Life Ins. Co. v. Johnson*, No. 14-CV-00811-KLM, 2015 WL 1945398 at *2, 3 (D. Colo. Apr. 29, 2015) (citing *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986)); *see Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (holding that a default judgment is not appropriate if the court does not have jurisdiction over the subject matter and the defendant).

Once a district court concludes that it has the power to enter a default judgment against a defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief. *See* Wright & Miller, *supra,* § 2688.1 at 63 (explaining that upon a motion for default judgment a court must determine whether the facts alleged in the complaint, if true, "constitute a legitimate cause of action" entitling

the plaintiff to relief); *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-CV-02445-LTB-MJW, 2008 WL 793606, *1 (D. Colo. Mar. 22, 2008) (after determining it has jurisdiction over the subject matter and the defendant, a court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment"). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

1. **Jurisdiction**

The Court finds that it has the subject matter and personal jurisdiction required to enter a default judgment against Romero and the Group Defendants. The facts alleged in the *First Amended Complaint,* together with the Court's findings as to the defendants' New Mexico residency [Doc. 57], confer subject matter jurisdiction on the Court pursuant to 28 U.S.C. Section 1332. In its *Order* entered on January 24, 2017, this Court found that Nevada General is a resident of Nevada and that Romero and the Group Defendants are residents of New Mexico. [Doc. 57] Hence, the parties are diverse. Moreover, the policy limits for Policy 0295010 exceed $75,000. Thus, Nevada General's *First Amended Complaint* falls within this Court's diversity jurisdiction. *See* § 1332.

A federal court sitting in diversity may only assert personal jurisdiction over a defendant . . . "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located," and if the exercise of personal jurisdiction under state law comport[s] with the Fourteenth Amendment's due process clause. *U.S. v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002 (quoting Fed. R. Civ. P. 4(k)(1)(A)). New Mexico's long-arm statute confers the maximum jurisdiction

permissible consistent with the Fourteenth Amendment's due process clause. *See Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002) (citation omitted). Thus, the Court's first statutory inquiry effectively collapses into the second constitutional analysis. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). The Fourteenth Amendment's due process clause requires, for a court to assert personal jurisdiction over a defendant, that a defendant have (1) sufficient "minimum contacts" with the forum state (2) such that subjecting the defendant to the court's jurisdiction will not offend traditional conceptions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Because the Court has found that Romero and the Group Defendants are residents of New Mexico, exercise of personal jurisdiction over them clearly comports with the due process clause.

Our Tenth Circuit has indicated that a district court does not have personal jurisdiction over a defendant if the defendant was not served. *See Venable*, 721 F.2d at 300. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after the complaint is filed or be subject to dismissal without prejudice of the complaint. *See* Fed. R. Civ. P. 4(m). A review of the docket confirms that Nevada General's service upon Romero and the Group Defendants was timely. [*See* Doc. 11-16; Doc. 18, 22-23]

The Court further concludes that Nevada General served Romero and the Group Defendants properly under Federal Rule of Civil Procedure 4(e). Federal Rule 4(e) provides that "an individual. . . may be served in a judicial district of the United States by," among other methods, "following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under New Mexico law,

> [s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process.

NMRA, Rule 1-004. Rule 1-004(F) permits personal service of process as well. Here, the returns of service indicate that Nevada General served Romero and the Group Defendants either by certified mail, return receipt, or personally. [*See* Doc. 11-16; Doc. 18, 22-23] The Court finds that it has both subject matter and personal jurisdiction to enter default judgment against Romero and the Group Defendants.

**2. Allegations in the *First Amended Complaint***

Having concluded that it has the power to enter a default judgment, the Court next must determine whether the well-pled allegations of the *First Amended Complaint*, if true, state a claim for relief. *See* Wright & Miller, *supra*, § 2688.1, at 63; *Greenwich Ins. Co.*, 2008 WL 793606, *1. Federal Rule of Civil Procedure 55(b) provides that the Court may conduct a hearing to obtain an accounting, determine the amount of damages, or establish the truth of any allegations in the complaint by evidence. It also authorizes the Court to enter a default judgment without a hearing if the Court determines, in its discretion, that no hearing is necessary. The Court concludes that a hearing is not necessary here because the *First Amended Complaint* does not seek damages. Moreover, as discussed, under both Rule 8(b)(6) and *Craighead*, the Court accepts as true all well-

pled allegations in the *First Amendment Complaint*. *See Craighead,* 2006 WL 936684, *2.

The allegations in the *First Amended Complaint*, if true, establish that

20. Upon information and belief, on or about, August 25, 2014, Defendant Daniel Romero beat his girlfriend, Defendant Michelle Provencio, and then he kidnapped her using a 2000 Chevrolet Malibu.

21. The 2000 Chevrolet Malibu was owned by Defendant Abelino Romero and insured through Plaintiff Nevada General, policy number 0295010 (hereafter "The Policy").

22. Upon information and belief, Defendant Daniel Romero was using the 2000 Chevrolet Malibu without the permission of Defendant Abelino Romero.

. . .

24. Upon information and belief, Defendant Daniel Romero was driving the 2000 Chevrolet Malibu at a high rate of speed while evading [Albuquerque Police Department (APD)] officers.

25. Defendant Daniel Romero was driving westbound on Avenida de Ce[]ser Chavez when a spike belt was placed in Defendant Daniel Romero's path by an APD officer.

26. Defendant Daniel Romero swerved around the spike belt, and lost control of the 2000 Chevrolet Malibu crossing into the eastbound lanes of Avenida de Ce[]ser Chavez.

27. Defendant Daniel Romero struck multiple cars in the eastbound lanes of Avenida de Ce[]ser Chavez, ultimately causing a five-car collision (hereafter "The Incident").

28. At some point during the High Speed Chase, Defendant Daniel Romero struck an APD squad car driven by Defendant Dakota Moore.

29. Defendant Abelino Romero has failed to cooperate or participate in the investigation of this matter as required under his insurance contract with Plaintiff Nevada General.

30. Upon information and belief, Defendant Abelino Romero completed an application for Insurance with Plaintiff Nevada General and failed to disclose household members or person driving his vehicle at the time the application was completed, or in the alternative, failed to notify Plaintiff Nevada General when his household situation changed.

[Doc. 7] Nevada General also alleges that Daniel Romero was charged with a number of crimes stemming from the Incident, including kidnapping, trafficking, intimidation of a witness, and aggravated battery of a household member.

Nevada General further alleges that the Policy: 1) includes a clause permitting cancellation if the insured misrepresented the users of the vehicle and the members of his household; 2) requires the insured to assist with investigation and settlement of an accident; 3) covers only users of the vehicle who were using it with Romero's permission; 4) does not cover damage resulting from intentional acts; 5) does not cover accidents occurring during commission of illegal acts; and 6) does not cover punitive or exemplary damages. [Doc. 7, ¶¶ 34-70] Taking these allegations as true, and considering the facts alleged together with the limitations in the Policy, the Court finds that the *First Amended Complaint* states a claim for the declaratory relief Nevada General requests.

### III. CONCLUSION

The Court concludes that it has the authority to enter default judgment against Romero and the Group Defendants, and that the well-pled allegations in the *First Amended Complaint* establish that Nevada General is entitled to relief. Thus, the Court will grant Nevada General's *Motion for Default Judgment Against the Defendant Abelino Romero and Motion to Dismiss* [Doc. 70], and also grant default judgment against Arthur

Anaya, Kevin Baca, Denise Hinkle, Nancy Hissa, Theodore Hissa, Ashley Ramirez, Daniel Romero. [Doc. 77]

**THEREFORE, IT IS HEREBY ORDERED** that

1) **DEFAULT** be entered against Defendant Abelino Romero by the Clerk of the Court;

2) Nevada General's *Motion for Default Judgment Against the Defendant Abelino Romero and Motion to Dismiss* [Doc. 70] is **GRANTED**; and that

3) **DEFAULT JUDGMENT** be entered against Defendants Abelino Romero, Arthur Anaya, Kevin Baca, Denise Hinkle, Nancy Hissa, Theodore Hissa, Ashley Ramirez, and Daniel Romero.

**SO ORDERED this 21st day of June, 2018.**

**M. CHRISTINA ARMIJO**
**Senior United States District Judge**